JEFFERSON RICHCREEK v. EVA O'DONNELL.

1. WHEN SECS. 4155-2 REV. STAT. ET SEQ. CONDITIONAL SALE LAW, APPLIES.

Where chattel property is sold to be paid for in installments, and under condition that it shall belong to the purchaser when the amount paid therefor shall equal a certain amount or the value of the property, the title, in the meantime, to remain in the vendor, the provisions of Secs. 4155-2 Rev. Stat. *et seq.,* commonly called the conditional sales law, apply.

2. ORAL EVIDENCE COMPETENT TO SHOW CONDITIONAL SALE.

Oral testimony is admissible to show a conditional sale within the meaning of Secs. 4155-2 Rev. Stat. *et seq.*

3. VENDOR CANNOT REPLEVIN PROPERTY WITHOUT RETURNING PART OF PURCHASE MONEY; CHATTEL MORTGAGE DOES NOT AFFECT VENDEE'S RIGHTS.

The vendor under a conditional sale contract is not entitled to replevin chattel property sold, on account of the default of vendee in making the stipulated payments on the purchase price, until he returns to vendee the amount already paid, less the amount of loss or damage to the property from its usage as provided by Secs. 4155-2 Rev. Stat. *et seq.* And the rights of the vendee, in such case, are unaffected by the execution and delivery by him of a chattel mortgage on the property, at the time of sale, to secure installments of the purchase price.

ERROR to Wood common pleas court.

**W. H. McMillen,** for plaintiff.

**S. P. Harrison,** for defendant.

**HAYNES, J.**

This case comes here on error from the court of common pleas, and the testimony discloses that there was a sale of a buggy by the plaintiff, Richcreek, to Mrs. O'Donnell; that he received in payment for the same an old buggy, valued at a certain sum, and the balance of the purchase

price was to be paid in cash in installments from time to time. To secure the payment of this balance, Richcreek received from Mrs. O'Donnell a chattel mortgage and certain notes evidencing the amount to be paid, and the terms of the payment. Some payments were made upon the purchase price, but finally Mrs. O'Donnell fell into arrears in her payments, and thereupon Richcreek replevied the buggy and sold it, it seems, under and by virtue of the terms of his chattel mortgage.

Upon the trial of this replevin suit in the court of common pleas, it was set up and claimed that the transaction, the sale, giving of the note and mortgage, and the payments and endorsements, brought it within the provisions of Sec. 4155-1, 4155-2 and 4155-3 Rev. Stat., and the case proceeded to trial upon that theory upon the issues. Testimony was permitted to be given orally by Mr. O'Donnell as to the terms of the sale, and also by other witnesses. The court charged the jury that if the sale was a conditional one, that the plaintiff, Richcreek, would have no right to replevin the property until he had paid back to Mr. O'Donnell at least the amount of the purchase money that had been paid, less the amount of the loss to or damage to the buggy by reason of its usage.

The jury brought in a verdict for the defendant and gave her judgment for fifteen dollars. She had paid in all, it is claimed, thirty-six dollars, and thereupon the case was brought to this court upon error. The case seemed rather simple at first, but we found upon investigation that there were a good many questions of law that had been discussed and decisions by different courts that required considerable attention, before we arrived at a conclusion in the matter, some of us feeling, at least, that the case is a close one. There was cited to us by counsel on behalf of the plaintiff, the cases, Baker v. Speyer, 5 Circ. Dec. 335 (12 R. 118); Caldwell v. Manufacturing Co. 4 Circ. Dec. 680 (7 R. 460); Singer Mfg. Co. v. Caldwell, 55 Ohio St. 638 [48 N. E. Rep. 1118], and we have examined Tufts v. Haynie, 2 Circ. Dec. 668 (4 R. 494); Editorial Note, 31 Bull. 350; Goodman v. Manning, 9 Dec. 373 (5 N. P. 94), and Speyer v. Baker, 59 Ohio St. 11 [51 N. E. Rep. 442]. There is a case, Singer Mfg. Co. v. Caldwell, *supra,* wherein the judgment of the circuit court was affirmed upon the ground stated in the opinion of the circuit court, and that case would appear to be favorable to the contention of the plaintiff.

We have made an examination of Speyer v. Baker, *supra,* and think it substantially settles the law of the question and along the line of the charge that was made by the court of common pleas. In that case there was a sale of personal property, household goods, in Hamilton

34  O. C. C. Vol. 26

county, and a chattel mortgage was taken back providing for the payment of certain sums of money from time to time and within the usual conditions and clauses that are ordinarily found in chattel mortgages.

The syllabus of the case substantially holds:

That where chattel property is to be sold and paid for in part installments, and conditioned that it shall belong to the purchaser when the amount paid thereon shall be a certain sum, or the value of the property, the title to remain in the vendor until such amount shall be paid was within the statute; and the rights of the purchaser, under the statute, are unaffected by the execution of a mortgage on the property, at the time of sale, to secure installments of the purchase price.

That where a purchaser at such sale has made payments on the property, he is entitled to its possession, though in default as to other installments, until there shall be refunded or tendered back the amount so paid, less a reasonable compensation for the use of the property and for any damage done to it while in his possession; and the amount which he is so entitled to have refunded should be awarded him as damages when the property is taken in replevin at the suit of the vendor.

That that law would govern any sales of that kind made and that the replevin proceedings would have to be made upon the terms and conditions of the contract.

In that case, counsel for the defendant contended that the giving of the chattel mortgage recognized the property, as the property of the mortgagee, and took the case out of the statute and converted it into a sale absolute, and the court of common pleas so charged the law to be, but the circuit court of Hamilton county reversed the common pleas court and the case came to the Supreme Court, and the action of the circuit court was affirmed; and, without reading the decision, I will say that the Supreme Court stated the law to be, that if the sale is a sale upon condition that the property should be retained by the vendor, then the statute governed; but the fact that a chattel mortgage was given in a regular form will not take the case out of the statute; it still remains a conditional sale, notwithstanding a chattel mortgage was given as if the mortgagee owned the property, and we recognize the fact that the law is, that oral testimony may be given to show what the contract of sale really was as between the parties.

In other words, the party may establish his contract of sale by oral evidence, and that the question of whether the statute will apply or not, will depend upon the fact as to whether there was a contract of sale conditioned that the owner should retain the title to the property. The charge of the court of common pleas was along that line and the jury

Richcreek v. O'Donnell.

found for the defendant, practically finding there was a conditional sale.

Unfortunately for the defendant, Mrs. O'Donnell, she testified in the case, and she testified as strong as language would permit her, that the sale was not a conditional sale, but an absolute sale; that the property was hers and belonged to her, and she took it and gave a mortgage back—Richcreek, she says, agreeing to be lenient, and letting her pay from time to time. The testimony of the other parties was along the same line.

We are constrained to hold, therefor upon the clear weight of the testimony so far as the testimony is concerned, that the sale was not a conditional sale, but was an absolute sale, and that the jury should have so found, and should have found for the plaintiff, Richcreek, instead of finding for Mrs. O'Donnell.

The judgment of the court of common pleas will therefore be reversed, as the court should have granted a new trial, and the cause will be remanded to that court for further proceedings according to law.

**Parker** and **Hull, JJ.,** concur.